**TALWAR LAW, PLLC**
1790 E. River Rd., Ste. 300
Tucson, Arizona 85718
(520) 260-2007

Rohit Talwar
Pima County Computer No:	66452
State Bar No:	028505
Rohit@TalwarLaw.com

Attorney for: Radford Fisher

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| RADFORD FISHER, a married man, | No: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **DEMAND FOR JURY TRIAL** |
| QANTAS AIRWAYS LIMITED, a corporation; | |
| Defendant. | |

Plaintiff, Radford Fisher, by and through counsel undersigned, brings this action against Qantas Airways Limited for personal injuries sustained during an international flight operated by Defendant on a ticket issued in the United States and originating therein. This action is governed by the Convention for the Unification of Certain Rules for International Carriage by Air, also known as the "Montreal Convention."

The Plaintiff alleges as follows:

## PARTIES

1. Plaintiff, Radford Fisher, is a citizen of the United States and resident of the State of Arizona.
2. Dr. Fisher resides in Tucson, Arizona.
3. The Defendant, Qantas Airways, Ltd. ("Qantas"), is believed and therefore alleged to be a corporation organized under the laws of Australia.
4. Qantas is an air carrier providing international flights between the United States and foreign countries.
5. Qantas provides for ticket purchases and operation of flights from the United States to New Zealand.
6. Qantas is a member of oneworld, through which it offers code-share flights and coordinated flight schedules, reservations and ticketing with other air carriers that are members of oneworld, and which have regular operations at the Tucson International Airport ("TUS").
7. As a member of oneworld, Qantas operates flights originating and terminating at TUS.
8. As a member of oneworld, Qantas provides for ticketing and operation of flights from the United States to New Zealand.
9. Qantas regularly conducts business in Arizona through its own operations and through other air carriers that are members of oneworld.

## JURISDICTION & VENUE

10. This action arises out of and governed by the Convention for the Unification of Certain Rules for International Carriage by Air (the

1  "Montreal Convention") and related agreements and protocols.

2  11.  This Court has jurisdiction pursuant to Article 33 of the Montreal Convention because Plaintiff's principal and permanent residence is in Arizona and Defendant is an air carrier that services for international travel of passengers by air using its own aircraft or another carrier's aircraft pursuant to a code share or other commercial agreement within the meaning of the Montreal Convention.

12. The subject flight involved "international carriage" as defined by the Montreal Convention.

13. The Plaintiff's injuries alleged herein resulted from an accident while deboarding Defendant's aircraft in Auckland, New Zealand.

14. Personal jurisdiction exists over Qantas by virtue of its ongoing operations in Arizona and where it operates code share flights as a member of oneworld.

## GENERAL ALLEGATIONS

15. On or about October 18, 2018, Plaintiff flew from Tucson to San Francisco via United Air. From San Francisco, Plaintiff flew on a Qantas plane to Auckland, New Zealand, with a stopover in Sydney, Australia.

16. Dr. Fisher was traveling with his wife who was in a wheelchair.

17. Because of the need for wheelchair assistance, the couple boarded the plane in Sydney via a lift through the galley.

18. The Flight Attendant represented that upon arrival in Auckland, that there would be a wheelchair accessible jetway for the couple to exit the aircraft.

19. Upon arrival in Auckland, there was no assistance provided to the couple and, thus, they proceeded to exit the aircraft on their own.

20. Upon reaching the designated exit for the aircraft, the couple were met with stairs leading to the tarmac.

21. There were no crew members or other Qantas personnel available to assist the couple and there was a long line of passengers behind them.

22. Dr. Fisher proceeded down the stairs with the couple's luggage, consisting of two roll-on bags. Mrs. Fisher proceeded behind Dr. Fisher and to his right. She was holding her purse and a large satchel, with her hand on Dr. Fisher's arm.

23. Near the bottom of the stairs, the couple fell. Dr. Fisher landed on his left hip and his head hit the tarmac. Mrs. Fisher was not seriously hurt.

24. Mrs. Fisher managed to assist Dr. Fisher into the airport and requested that he be put in a wheelchair.

25. Qantas personnel failed to offer assistance or to seek out Dr. Fisher to check on his condition.

## COUNT ONE – PERSONAL INJURIES PURSUANT TO THE MONTREAL CONVENTION

26. Dr. Fisher sustained severe bodily injury as a result of the accident deboarding the Qantas Aircraft within the meaning of Article 17 of the Montreal Convention.

27. Pursuant to Article 17 of the Montreal Convention, Defendant is

strictly liable for damages sustained by Dr. Fisher up to 113,100 Special Drawing Rights of the International Monetary Fund.

28. Dr. Fisher's injuries occurred as a result of the Defendant's negligence or other wrongful act within the meaning of Article 21 of the Montreal Convention and, thus, the Defendant is liable for damages exceeding 113,100 Special Drawing Rights.

29. The Defendant failed to take all necessary precautions to prevent the accident that resulted in Plaintiff's injury.

30. Dr. Fisher's injuries were the direct and proximate result of the Defendant's negligence and wrongful conduct in the following ways:

   a. Failing to take reasonable and necessary precautions when deboarding passengers that require the use of wheelchair.

31. As a direct and proximate result of Defendant's failures, Plaintiff has suffered severe and permanent injuries and pain and suffering.

32. Plaintiff has also incurred medical expenses, trip expenses and cancellation fees.

33. Plaintiff anticipates incurring future medical expenses.

WHEREFORE, Plaintiff demands judgment against Defendant Qantas in full as follows:

   A. For past and future special damages;
   B. For past and future general damages;
   C. For punitive damages;
   D. For pre-judgment interest on all liquidated damage amounts;
   E. For post-judgment interest on the entire judgment amount;

1   F. For taxable costs incurred herein; and

2   G. For such other and further relief as the Court deems just and proper.

3   DATED this   24th   day of August 2020.

**TALWAR LAW, PLLC**

BY  /S/ROHIT TALWAR